CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 7 2006

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NATASHA MARIE MARKLE, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00438 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Natasha Marie Markle, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The motion is presently before the court on the respondent's motion to dismiss. For the following reasons, the court will deny the respondent's motion.

## BACKGROUND

On December 22, 2004, Markle and seven other defendants were charged in a two-count indictment returned by a grand jury in the Western District of Virginia. Count One charged Markle with conspiring to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 846.

On May 3, 2005, Markle pled guilty to Count One pursuant to a written plea agreement. Markle was ultimately sentenced to a term of imprisonment of 132 months. She did not file a direct appeal.

Markle filed the instant § 2255 motion on July 17, 2006. Markle alleges her attorney was ineffective for failing to file a direct appeal, and that she received ineffective assistance during the plea phase of the proceedings and at sentencing. Markle further alleges that the government breached the plea agreement, and that her sentence was improperly enhanced on the basis of facts that were not found by a jury.

## DISCUSSION

The respondent argues that Markle's motion must be dismissed on the basis of a waiver provision included in her plea agreement. Section 10 of the plea agreement states as follows: "I further agree to waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the court."

The United States Court of Appeals for the Fourth Circuit has held that a waiver of the right to collaterally attack a conviction or sentence is valid as long as the waiver is knowingly and voluntarily made. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is knowing and voluntary "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). The Fourth Circuit has emphasized that "a defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)). If a district court determines that a petitioner knowingly and voluntarily waived her collateral-attack rights, and that the petitioner's claims fall within the scope of that waiver, the court must dismiss the § 2255 motion without addressing the merits of those claims. See Id. at 222; United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (discussing appeal waivers).

Relying on Lemaster, the respondent argues that Markle's plea agreement and waiver of

2

collateral-attack rights were knowing and voluntary, and that her "belated, alleged dissatisfaction with her counsel directly contradicts the solemn affirmations she made at her plea hearing and are [sic] therefore, as a matter of law, palpably incredible and patently frivolous or false." However, the respondent failed to provide a transcript from the plea hearing to support its motion. Without reviewing the hearing transcript, the court is unable to determine the validity and scope of Markle's waiver of collateral-attack rights. Consequently, the waiver cannot serve as a basis for dismissing her § 2255 claims, and the court must deny the respondent's motion. See Villegas v. United States, 2006 U.S. Dist. LEXIS 34730 (W.D. Va., May 31, 2006) (holding that the court must review the transcript of the plea hearing in order to dismiss a § 2255 motion under Lemaster, since "[t]he specific statements the defendant made to the court are critical to determining the validity and scope of a defendant's waiver.").

## CONCLUSION

For the reasons stated, the court will deny the respondent's motion to dismiss. The respondent is directed to file a response on the merits of the petitioner's claims within thirty days. The Clerk is directed to send certified copies of this order to the petitioner and counsel of record for the respondent.

ENTER: This 7th day of November, 2006.

*/s/ Jack Conrad*
United States District Judge

3