```
                                                    CLERK'S ... ST. COURT
                                                    AT ... VA
                                                    FILED
                                                    JAN 26 2007
                                                    JOHN F. ........, CLERK
                                                    BY: ..........
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NATASHA MARIE MARKLE, | ) | |
|     Petitioner, | ) | Civil Action No. 7:06CV00438 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
|     Respondent. | ) | United States District Judge |

Natasha Marie Markle, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Markle alleges, in part, that her attorney was constitutionally ineffective for failing to file a notice of appeal. The case is presently before the court on the government's second motion to dismiss, in which the government argues that Markle waived the right to collaterally attack her conviction and sentence. For the following reasons, the court concludes that Markle's waiver of collateral-attack rights does not bar the claim that her attorney was ineffective for failing to file a notice of appeal. Thus, the court will deny the motion to dismiss as to this claim and direct the government to file a response on the merits.

## Background

On December 22, 2004, Markle and seven other defendants were charged in a two-count indictment returned by a grand jury in the Western District of Virginia. Count One charged Markle with conspiring to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 846.

On May 3, 2005, Markle pled guilty to Count One of the indictment pursuant to a written plea agreement. In this agreement, the United States agreed to recommend a reduction for acceptance of responsibility, and to recommend a sentence at the low to middle range of the

applicable sentencing guidelines. In exchange, Markle agreed to "waive [her] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [her] by the Court," as well as the right to appeal "sentencing guidelines issues." Markle was subsequently sentenced to a total term of imprisonment of 132 months. She did not appeal her conviction or sentence.

Markle filed the instant § 2255 motion on July 17, 2006. In one of her claims, Markle alleges that her attorney was constitutionally ineffective for failing to file a notice of appeal.[1] According to Markle, her attorney advised her that she could not appeal her sentence as a result of the appeal waiver included in her plea agreement. Nonetheless, Markle alleges that she still instructed her attorney to note an appeal, and that her attorney "fail[ed] to obtain her consent prior to deciding not to file a notice of appeal." (Pet.'s Second Resp. at 2).

## Discussion

The respondent has moved to dismiss all of Markle's claims on the basis that Markle waived the right to collaterally attack her conviction and sentence. However, Markle's waiver of collateral-attack rights does not bar Markle's claim that her attorney was ineffective for failing to file a notice of appeal. This claim falls outside the scope of the waiver and must be addressed on the merits. See United States v. Embree, 169 Fed. Appx. 761, 762 (4th Cir. 2006) (holding that Embree's waiver of collateral-attack rights did not bar the claim that his attorney was ineffective for failing to consult with him regarding an appeal, since the claim was analogous to the claim asserted in United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994), "where [the Court] held

---

[1]Markle also alleges that she received ineffective assistance from her attorney during the plea phase of the proceedings and at sentencing, that the government breached the plea agreement, and that her sentence was improperly enhanced on the basis of facts that were not found by a jury.

2

that the waiver of the right to appeal did not bar a claim concerning a complete lack of counsel during sentencing proceedings."). Therefore, the court will deny the government's second motion to dismiss as to Markle's claim that her attorney was ineffective for failing to file a notice of appeal, and direct the government to address the merits of this claim within twenty days.[2]

### Conclusion

For the reasons stated, the government's second motion to dismiss is denied in part. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 26th day of January, 2007.

_____
United States District Judge

---

[2] Because Markle will receive another opportunity to file a direct appeal if the court ultimately rules in her favor, the court will reserve ruling on the government's second motion to dismiss as to Markle's other claims. See United States v. Killian, 22 Fed. Appx. 300, 301 (4th Cir. 2001) (noting that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal, the district court should not address the merits of the petitioner's remaining claims, but instead dismiss those claims without prejudice).

3