CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 21 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NATASHA MARIE MARKLE, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00438 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Natasha Marie Markle, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Markle alleges, in part, that her attorney was constitutionally ineffective for failing to file a notice of appeal.[1] The government previously moved to dismiss the motion on the basis that Markle waived the right to collaterally attack her conviction and sentence. By opinion and order entered January 26, 2007, the court denied the motion to dismiss as to the aforementioned claim and directed the government to file a response on the merits.

The government has now filed a motion to grant Markle's § 2255 motion with respect to her claim that her attorney failed to file a notice of appeal. Although the government has submitted an affidavit from Markle's attorney in which he specifically disputes Markle's allegations, the government recognizes that a genuine issue of material fact exists with respect to this claim and, thus, that the claim could not be resolved without an evidentiary hearing. Rather than holding an evidentiary hearing, the government requests that the court grant Markle's §

---

[1] According to Markle, her attorney advised her that she could not appeal her sentence as a result of the appeal waiver included in her plea agreement. Nonetheless, Markle alleges that she still instructed her attorney to note an appeal, and that her attorney "fail[ed] to obtain her consent prior to deciding not to file a notice of appeal." (Pet.'s Second Resp. at 2).

2255 motion as to this claim.[2]

Accordingly, for good cause shown, the court will grant Markle's § 2255 motion as to her claim that her attorney was constitutionally ineffective for failing to file a notice of appeal.[3] The court will vacate the original judgment in Markle's criminal case and enter a new judgment from which an appeal can be taken. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner, counsel of record for the respondent, and petitioner's defense counsel in the criminal action.

ENTER: This 20th day of February, 2007.

United States District Judge

---

[2]The government notes that Markle waived the right to appeal sentencing guidelines issues as part of the plea agreement and, thus, that Markle could potentially breach the agreement by filing an appeal. The government also notes that it reserves the right to elect any or all of the remedies for breach of the plea agreement, including declaring the plea agreement void and proceeding to trial. (Plea Ag. at 10).

[3]All other claims will be dismissed without prejudice. See United States v. Killian, 22 Fed. Appx. 300, 301 (4th Cir. 2001) (noting that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal, the district court should not address the merits of the petitioner's remaining claims, but instead dismiss those claims without prejudice).

2